# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TANIKO SMITH and ELSIE SPELL,  ) 3:16-cv-00456-MMD-WGC
        Plaintiffs, )
        vs. ) **ORDER**
ISIDRO BACA, *et al.*, ) Re: ECF No. 35
        Defendants. )

    Before the court is Plaintiffs' Motion for the Appointment of Counsel. (ECF No. 35.) Although Plaintiffs file their motion jointly, the argument made by Plaintiffs pertain mainly to Plaintiff Smith's status as an inmate in the custody of the Nevada Department of Corrections (NDOC).[1] Plaintiffs base their motion on (1) the fact that they have very limited knowledge of the law, (2) that the issues involved in this case are complex, and (3) that Plaintiff Smith's incarceration will greatly limit their ability to effectively litigate this case. (*Id.*)

    A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800

---

[1] Plaintiffs make no argument separately as to Plaintiff Spell as to why she is qualified or entitled to appointment of counsel.

(9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In the context of this case where only Plaintiff Smith is an incarcerated individual, in view of the motion being filed jointly, the court will review whether the underlying claim presents the extraordinary circumstances necessary for the court's appointment of counsel primarily from Plaintiff Smith's status as an inmate.

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiffs have shown an ability to articulate their claims (ECF Nos. 1, 7, 13, 16, 25) and have successfully appealed their case to the Ninth Circuit Court.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claim involved in this action is not unduly complex. Plaintiffs' First Amended Complaint was allowed to proceed on Count I, alleging equal protection violations against Defendants Baca, Dzurenda, and Deputy Director John Doe as to whether Defendants created or imposed an unconstitutional inmate visitation policy with respect to Plaintiff Spell by reason of her status as a former NDOC employee. (ECF No. 27 at 4.) This claim is not so complex that counsel needs to be appointed.

Similarly, with respect to the *Terrell* factors, Plaintiffs have failed to convince the court of the likelihood of success on the merits of their claims.

While any *pro se* inmate such as Mr. Smith would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed.

1 | *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The Court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiffs' motion (ECF No. 35).

**IT IS SO ORDERED.**

DATED: January 29, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE