UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TANIKO SMITH and ELSIE SPELL,

Plaintiffs,

v.

ISIDRO BACA, *et. al.*,

Defendants.

Case No. 3:16-cv-00456-MMD-WGC

ORDER

**I.    SUMMARY**

This is a civil rights case brought by a former employee of the Nevada Department of Corrections ("NDOC")—Elsie Spell—and her husband Taniko Smith, an individual in the NDOC's custody. Before the Court is Plaintiffs' objection (ECF No. 37) to Magistrate Judge William G. Cobb's order (ECF No. 36) denying Plaintiffs' motion for appointment of counsel (ECF No. 35). The Court has reviewed Defendants Isidro Baca and James Dzurenda's response (ECF No. 38). For the following reasons, the Court overrules Plaintiffs' objection.

**II.    BACKGROUND**

Plaintiffs are proceeding on Count I of their First Amended Complaint ("FAC"), which alleges that Defendants violated Plaintiffs' equal protection rights by prohibiting Plaintiff Spell from visiting Plaintiff Smith based on Plaintiff Spell's status as a former NDOC employee. (ECF No. 27 at 4.)

Plaintiffs moved for appointment of counsel (ECF No. 35), and the Magistrate Judge denied the motion, finding that Plaintiffs did not establish exceptional circumstances that would warrant appointment of counsel (ECF No. 36 at 2-3).

## III. LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection . . . also enable[s] the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## IV. DISCUSSION

There is no constitutional right to appointed counsel in a § 1983 action. *E.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Yet, the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Furthermore, while the decision to request counsel lies within the

discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted).

The Magistrate Judge did not clearly err or rule contrary to law in finding a lack of exceptional circumstances to warrant appointment of counsel. Plaintiffs argued that counsel should be appointed because Plaintiffs are unskilled in litigation and the issues in the Complaint are complex. (ECF No. 35 at 1.) But most *pro se* plaintiffs are not skilled litigators and the issue presented in the FAC—a single claim for violation of equal protection rights—is fairly straightforward.

Plaintiffs argue that the Magistrate Judge erred in finding that Plaintiffs motion was based in part on Plaintiff Smith's incarceration. (ECF No. 37 at 1-2.) But the Magistrate Judge's order was not based on this finding—it was based on the lack of exceptional circumstances in this case.

Plaintiffs further argue that counsel should be appointed based on *Epstein v. Bayer*, No. 3:98-cv-0758-ECR (VPC), 2006 WL 3313930 (D. Nev. Oct. 24, 2006). (ECF No. 37 at 4-5.) But counsel was not appointed in that case until after the Court granted summary judgment and the Ninth Circuit reversed and remanded. *Epstein*, 2006 WL 3313930, at *1.

Plaintiffs discuss numerous discovery issues in their objection (ECF No. 37 at 2-4), but these issues are not relevant to Plaintiffs' objection.

Accordingly, the Court will overrule Plaintiff's objection.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

///

| | |
|---|---|
| 1 | determines that they do not warrant discussion as they do not affect the outcome of the |
| 2 | objection before the Court. |

It is therefore ordered that Plaintiffs' objection (ECF No. 37) is overruled.

DATED THIS 3rd day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE