# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TANIKO SMITH, *et al.*, | Case No. 3:16-cv-00456-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Defendants. | |

## I. SUMMARY

This is a civil rights case brought by Elsie Spell, a former employee of the Nevada Department of Corrections ("NDOC"), and her husband Taniko Smith, an individual in NDOC's custody. Plaintiffs sued Defendants Isidro Baca and James Dzurenda for allegedly denying Spell's visitation application, violating the Equal Protection Clause under the Fourteenth Amendment.[1]

Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") (ECF No. 53) regarding Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF No. 40) and Plaintiffs' Cross-Motion for Summary Judgment ("Plaintiffs' Cross-Motion") (ECF No. 44). Judge Cobb recommends that the Court deny Plaintiffs' Cross-Motion and grant in part, and deny in part, Defendants' Motion. (ECF No. 53 at 17.) The parties filed objections to the R&R.[2] (ECF Nos. 54, 56.) For the

---

[1] While Plaintiffs initially sued Defendants Brian Ward and Eldon K. McDaniel as well, the Court dismissed those Defendants with prejudice. (ECF No. 27 at 7.) Only Defendants Isidro Baca and James Dzurenda remain in this action.

[2] The Court strikes the parties' replies in support of their Objections (ECF Nos. 57, 58) because neither party sought leave of Court to file their reply and because the issues were thoroughly briefed. *See* LR IB 3-2(a) ("Replies will be allowed only with leave of court.").

reasons explained below, the Court will overrule the parties' objections and adopt the R&R in full.

**II.    BACKGROUND**

The Court adopts the facts in the R&R (ECF No. 53 at 1-2, 5-9) and does not recite them here.

**III.   LEGAL STANDARDS**

**A.    Review of the Magistrate Judge's Recommendations**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id*. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

**B.    Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

1 | F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV.    DISCUSSION**

The Court adopts the recommendations for which the parties did not object and will review *de novo* the recommendations for which the parties objected. Specifically, the parties did not object to Judge Cobb's recommendation to Defendants' Motion on the merits of Plaintiffs' Equal Protection claim, finding material issues of fact exist to preclude summary judgment, and to deny Plaintiffs' Cross-Motion on the same ground. (EF No. 53 at 10-15.) The Court adopts these recommendations. Plaintiffs object to the recommendation to dismiss Defendant John Doe and to grant Defendants' Motion as to preclude damages based on Defendants' official capacities (*id.* at 2 n. 2, 16.) Defendants object to denial of summary judgment based on qualified immunity. (ECF No. 56 at 10.) The Court will overrule the parties' objections and will address them in turn below.

    **a. Plaintiff's Objection**

The R&R recommends dismissal under both Rule 4(m) and for failure to substitute Defendant Doe's true identity. (ECF No. 53 at 2 n. 2, 17.) Plaintiffs ask the Court to refer to their opposition to Defendant's Motion (ECF No. 43), contending that they believe John Doe is Burger. (ECF No. 54 at 2.) They also insist Defendants have failed to provide requested information. The Court agrees with Judge Cobb that Plaintiffs have failed to add Defendant Doe by the scheduling order deadline. (ECF No. 27 at 6 n.3 (permitting Plaintiff to proceed against Defendant Doe to discover the true identity of said Defendant); ECF No. 31 at 1 (giving Plaintiffs until January 2019 to amend their pleadings or add parties).) Accordingly, Defendant Doe is dismissed without prejudice.

///

Judge Cobb recommends that the Court grant Defendants' Motion for the limited purpose of dismissing Plaintiffs' claims for monetary damages against Defendants in their official capacities. (ECF No. 53 at 16 (citing to *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003)). Plaintiffs do not object but instead insists that Defendants should remain in this case in their official capacity to ensure that *injunctive* relief is carried out. (ECF No. 54 at 2.) Plaintiffs have clearly misread the R&R on this claim—which would proceed under the R&R—therefore the Court will adopt Judge Cobb's recommendation.

**b. Defendants' Objection**

Judge Cobb found that Plaintiffs demonstrated a genuine dispute of material fact as to whether the denial of visitation was arbitrary under the Equal Protection Clause. (ECF No. 53 at 14.) Defendants assert that Spell was denied visitation because she was a former employee of NDOC and was under investigation for being in an improper relationship with Smith. (ECF No. 40 at 5-6.) But Judge Cobb found that Plaintiffs presented evidence that other inmates were granted visitation with former employees—one inmate was written up for "compromising [an] ex-employee" while another ex-employee was under investigation for allegedly being in a relationship with an inmate. (ECF No. 53 at 10.) Accordingly, a trier of fact could reasonably find that Defendants arbitrarily denied Spell's visitation and therefore violated Plaintiffs' equal protection rights. (*Id.* at 10-12.)

Defendants essentially raise two objections to the R&R that turn on the issue of qualified immunity. (ECF No. 56 at 5-10.) First, Defendants object that prison visitation is not a clearly established right. (*Id.* at 5, 9.) Second, Defendants object that Judge Cobb erred in misconstruing the standard for qualified immunity, which Plaintiffs have not satisfied. (*Id.* at 6-9.) The Court disagrees.

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to claim a violation of equal protection in a "class-of-one" case where a plaintiff does not belong to a

protected class, the plaintiff must establish that a defendant: "(1) intentionally (2) treated [the plaintiff] differently than other[s] similarly situated, (3) without a rational basis." *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citation omitted). The class-of-one doctrine does not apply to forms of state action that "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (citing *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603 (2008)). However, where there is a pattern of generally exercising the discretion in a manner that treats the complaining individual less favorably than others, the class-of-one doctrine applies. *Id.* 660-61. Nevertheless, a defendant can assert a defense of qualified immunity depending on (1) whether there is a constitutional violation, which is a question of fact, and (2) whether that right was clearly established at the time of the challenged conduct, which is a question of law. *See Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1085 (9th Cir. 2009) (citing to *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Defendants argue that prison visitation is not a clearly established right (ECF No. 56 at 5, 9), but that oversimplifies the issue. *See Deorle v. Rutherford*, 272 F.3d 1272, 1285-86 (9th Cir. 2001) (clarifying that qualified immunity does not require that a prior case prohibit the exact misconduct at issue in the case); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("[O]fficials can be on notice that their conduct violates established law even in novel factual circumstances."). Defendants denied Plaintiffs visitation while granting other former employees' visitation—including one who was under investigation for allegedly being in a relationship with the inmate. (ECF No. 53 at 10.) At that time, it was clearly established law that individuals have a right to not be intentionally and arbitrarily treated differently from other similarly situated persons. (*See id.* at 9.) *See Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1025 (9th Cir. 2011); *Neff v. McDaniel,* No. 3-09-cv-271-HDM-VPC, 2010 WL 1930155, at *2 (D. Nev. Feb. 22, 2010) (holding that inmate stated an equal protection claim where he alleged "he was treated differently from similar situated inmates

///

with similar disciplinary histories by being retained in the [lockdown unit] for a much longer period of time than they were").

Defendants' remaining objections can be summed up as Judge Cobb erred in relieving Plaintiffs of their burden to prove that denying visitation is a violation of clearly established law,[3] a burden that Plaintiffs have not met. (ECF No. 56 at 6-9.) To the contrary, Judge Cobb found that Plaintiffs' evidence in fact satisfied their burden and that a trier of fact could reasonably find that Defendants intentionally and arbitrarily treated Plaintiffs differently from other similarly situated persons, therefore violating clearly established law. (ECF No. 53 at 10-12, 15-16; *see also* ECF No. 43 at 18 (arguing that denial of Plaintiffs' visitation was arbitrary).) Indeed, Plaintiffs presented evidence that, *inter alia*, other former employees—including those who had or was investigated for allegedly having a relationship with an inmate—were granted visitation rights. (ECF No. 53 at 10-11.) *See Neff*, 2010 WL 1930155, at *2. In arguing that Plaintiffs have not met their burden of proof, Defendants raise several objections that essentially question the weight and credibility of Plaintiffs' affidavits. (ECF No. 56 at 4, 7-9.). But that is not an appropriate consideration at the summary judgment stage. *See Hanson v. Pauli*, No. 3:13-cv-397-MMD, 2015 WL 3649063, at *4 (D. Nev. June 11, 2015) ("At summary judgment, the court's function is not to weigh the evidence and determine the truth.") (citing to *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

---

[3]Defendants insist that their asserted rational basis for denying Spell's visitation is entitled to deference (ECF No. 56 at 7-8), but Defendants either misstate the law or proffer an incomplete legal standard. Prison authorities cannot rely on general or conclusory assertions to support their policies. *Walker*, 917 F.2d at 386. "Rather, they must [1] first identify the specific penological interests involved and then [2] *demonstrate both that those specific interests are the actual bases for their policies* and that [3] the policies are reasonably related to the furtherance of the identified interests. An evidentiary showing is required as to each point." *Id.* (emphasis added). Contrary to Defendants' assertions (ECF No. 6-8), it is only after they have met their evidentiary showing—which they have not made—that the Court will then defer to the judgment of prison officials. *Id.* at 386. Evidence showing that Defendants treated Plaintiffs differently from other ex-employees suggests that Defendants' reason for denying Spell's visitation (namely that she is an ex-employee) is not an actual basis for Defendants' policy decision. (*See* ECF No. 53 at 11-12.)

7

Accordingly, the Court overrules Defendants' objections and adopts the R&R in full as to Defendants' Motion.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered, adjudged and decreed that the R&R of Judge Cobb (ECF No. 53) is adopted in full.

It is further ordered that Plaintiffs' cross-motion for summary judgment (ECF No. 44) is denied.

It is further ordered that Defendant Doe is dismissed without prejudice based on Plaintiff's failure to comply with the schedule order (ECF No. 31).

It is further ordered that Defendants' motion for summary judgment (ECF No. 40) is granted for the limited purpose of dismissing Plaintiffs' claims for monetary damages against Defendants in their official capacities. It is denied in all other respect.

DATED THIS 19th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE