# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TANIKO SMITH and ELSIE SPELL, <br><br> Plaintiff <br><br> v. <br><br> ISIDRO BACA, et al., <br><br> Defendants | Case No.: 3:16-cv-00456-MMD-CSD <br><br> **Order** <br><br> Re: ECF Nos. 124, 125, 128 |

Before the court are Plaintiffs Taniko Smith's and Elsie Spell's motion to dismiss their current counsel, Maximiliano D. Couvillier III, Esq. (ECF No. 124), and motion for the appointment of new counsel (ECF No. 125), as well as the response and countermotion to withdraw filed by Mr. Couvillier (ECF No. 128).

## I. BACKGROUND

Plaintiff Taniko Smith is an inmate in the custody of the Nevada Department of Corrections (NDOC). Smith originally filed this civil rights action pursuant to 42 U.S.C. § 1983 while proceeding *pro se*. Smith alleged that he was arbitrarily denied visitation with his fiancé, Elsie Spell, because she was a former NDOC employee, while similarly situated inmates were permitted to have visits from former NDOC employees. The court screened the original complaint and it was dismissed with prejudice. (ECF No. 4.) Plaintiff appealed, and the Ninth Circuit reversed and remanded, finding there was a colorable equal protection claim. (ECF No. 12.)

A first amended complaint (FAC) was filed. It added Elsie Spell as a plaintiff, and asserted a violation of their right to equal protection under the laws. (ECF No. 16.) The court

screened the FAC, and allowed Smith and Spell, who had since gotten married, to proceed with their equal protection claim against Baca, Dzurenda, and the John Doe Deputy Director (when Plaintiffs learned of his/her identity). (ECF No. 27.) Smith had previously been granted *in forma pauperis* (IFP) status, and is required to pay the filing fee over time. (ECF No. 4.) The court directed Spell to file her own application to proceed IFP. (ECF No. 27.) Spell did so on September 21, 2018. (ECF No. 28.)

Defendants filed a motion for summary judgment (ECF Nos. 40, 41-1), and Plaintiffs filed a response and cross-motion for summary judgment (ECF Nos. 43, 43-1, 44, 44-1). On September 24, 2019, United States Magistrate Judge William G. Cobb issued a report and recommendation that the motions be denied for the most part, finding there were genuine disputes as to material facts. Judge Cobb did recommend that Defendants' motion be granted insofar as Plaintiffs seek to recover monetary damages against Defendants in their official capacities. Judge Cobb also recommended dismissal of the John Doe deputy director who had not been added into the case prior to expiration of the scheduling order deadline. (ECF No. 53.) Chief Judge Du overruled the parties' objections and adopted the report and recommendation. (ECF No. 60.)

Chief Judge Du then referred the case to Judge Cobb to conduct a settlement conference. (ECF No. 61.) After being vacated and continued due to the COVID-19 pandemic, a settlement conference took place via Zoom videoconference on August 19, 2020. The parties were unable to reach a settlement; however, Judge Cobb recommended that Chief Judge Du refer this matter to the court's pro bono program for the appointment of counsel. (ECF No. 72.) Judge Cobb subsequently recused himself from the action, and it was reassigned to United States Magistrate Judge Carla Baldwin. (ECF Nos. 73, 74.)

Chief Judge Du referred the case to the court's pro bono program on August 20, 2020. (ECF No. 75.) On October 27, 2020, Mr. Couvillier, in connection with the Legal Aid Center of Southern Nevada, entered a notice of appearance for Plaintiffs. (ECF No. 81.)

The parties stipulated, and Judge Baldwin ordered, that discovery would be re-opened to serve additional document requests, address Defendants' objections to previous written discovery, to take depositions, and to meet and confer regarding the need for additional discovery. The discovery completion deadline was extended to May 31, 2021, and the dispositive motions deadline was continued to June 30, 2021. (ECF No. 83.) The discovery completion deadline was subsequently extended to October 1, 2021, and the dispositive motions deadline to December 10, 2021. (ECF No. 90.)

On June 25, 2021, Plaintiffs filed a motion to compel responses to Plaintiffs' second set of requests for production of documents. (ECF Nos. 91, 92.) Judge Baldwin extended the discovery deadline until March 1, 2022, and the dispositive motions deadline to April 1, 2022. (ECF No. 112.) Those are the deadlines currently in place.

Judge Baldwin held a hearing on the motion to compel on September 16, 2021, and granted the motion in part and denied it in part. During that hearing, the parties indicated they were amenable to participating in another settlement conference. (ECF No. 116.)

A settlement conference was held before Judge Baldwin on September 30, 2021. According to the minutes of the proceeding, the parties reached a settlement and the terms were stated on the record. The parties agreed to file a stipulation to dismiss with prejudice within 30 days of the settlement agreement being signed. The court retained jurisdiction over the litigation and the settlement. Even though Judge Baldwin had already disposed of the motion to compel,

1  the minutes from the settlement conference state that the motion to compel was denied without

2  prejudice as moot. (ECF No. 120.)

3      Judge Baldwin held a status conference on November 8, 2021, to inquire about the status

4  of the settlement agreement. (ECF No. 122.) On January 6, 2022, Judge Baldwin issued an order

5  directing the parties to file a stipulation for dismissal or status report concerning finalization of

6  the settlement agreement by January 20, 2022. (ECF No. 123.)

7      On January 18, 2022, Plaintiffs filed this motion to dismiss their counsel and for the

8  appointment of new counsel. (ECF Nos. 124, 125.) Plaintiffs also filed an objection to the

9  settlement conference, arguing that they agreed to settle this matter under duress from Judge

10 Baldwin and Mr. Couvillier. (ECF No. 126.) On January 20, 2022, Mr. Couvillier filed his

11 response to Plaintiffs' motion and countermotion to withdraw as counsel and to briefly stay

12 discovery deadlines. (ECF No. 128.) Judge Baldwin recused herself from this matter, and the

13 case was reassigned to the undersigned on January 26, 2022. (ECF Nos. 129, 130.)

14                              **II. DISCUSSION**

15     Plaintiffs' motion to dismiss Mr. Couvillier as counsel (ECF No. 124) and

16 Mr. Couvillier's motion to withdraw as counsel (ECF No. 128) are granted.

17     Plaintiffs' motion for the appointment of new counsel (ECF No. 125) is denied without

18 prejudice. "[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560

19 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).

20 The court does have discretion to "request an attorney to represent any person *unable to afford*

21 *counsel*." 28 U.S.C. § 1915(e)(1) (emphasis added).

22

23

Plaintiffs attach as an exhibit to their motion a letter that Smith sent to Mr. Couvillier, where Smith said, "But if need be Max, we are *willing to pay you to represent us*." (ECF No. 124 at 6, emphasis added)

Smith's letter indicates that Plaintiffs have funds that could be used to pay an attorney. Therefore, it is not appropriate for the court to appoint counsel. The court will, however, give Plaintiffs a reasonable period of time to try and secure substitute counsel on their own, and will stay these proceedings, and vacate the current discovery completion and dispositive motions deadlines, until the deadline to obtain substitute counsel expires.

### III. CONCLUSION

Plaintiffs' motion to dismiss Mr. Couvillier as counsel (ECF No. 124) and Mr. Couvillier's motion to withdraw as counsel (ECF No. 128) are **GRANTED**.

Plaintiffs' motion for the appointment of new counsel (ECF No. 125) is **DENIED**.

Plaintiffs have until **March 28, 2022**, to secure substitute counsel and have an attorney file a notice of appearance on their behalf.

The current discovery completion and dispositive motions deadlines are **VACATED.** This case is **STAYED** until the deadline to obtain substitute counsel expires. At that point, the court will determine whether a status conference is necessary, and will re-set the discovery completion and dispositive motions deadlines.

**IT IS SO ORDERED**.

Dated: February 11, 2022

_____

Craig S. Denney
United States Magistrate Judge