UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TANIKO SMITH and ELSIE SPELL,

Plaintiffs

v.

ISIDRO BACA, et al.,

Defendants

Case No.: 3:16-cv-00456-MMD-CSD

**Order**

Re: ECF Nos. 133, 135

Before the court are: (1) Plaintiffs' motion for an extension of 180 days to proceed with this action (ECF No. 133); and (2) Plaintiffs' motion to reconsider the court's order denying Plaintiffs' motion for appointment of counsel. (ECF No. 135.)

**I. BACKGROUND**

On January 18, 2022, Plaintiffs filed a motion to dismiss their counsel, and moved for the appointment of new counsel. (ECF Nos. 124, 125.) On January 20, 2022, their counsel, Mr. Couvillier, filed a response to Plaintiffs' motion and a countermotion to withdraw. (ECF No. 128.) Plaintiffs also filed an objection to the settlement conference, arguing they agreed to settle under duress from Magistrate Judge Baldwin and Mr. Couvillier. (ECF No. 126.) Judge Baldwin recused herself, and the case was reassigned to the undersigned on January 26, 2022. (ECF Nos. 129, 130.)

On February 11, 2022, the court issued an order granting both Plaintiffs' motion to dismiss Mr. Couvillier as counsel and Mr. Couvillier's motion to withdraw as counsel. (ECF No. 131.)

In the same order, the court denied Plaintiffs' motion for the appointment of new counsel without prejudice. (ECF No. 125.) The court noted that Plaintiffs attached a letter as an exhibit to their motion from plaintiff Smith to Mr. Couvillier, where Smith said, "But if need be Max, we are *willing to pay you to represent us*." (ECF No. 124 at 6, emphasis added.) Since Smith's letter indicated Plaintiffs had funds that could be used to pay an attorney, the court found it was inappropriate to appoint counsel. The court did give Plaintiffs 45 days, until March 28, 2022, to secure substitute counsel. The court also vacated the discovery completion and dispositive motions deadlines. The court stayed the case until the deadline to obtain substitute counsel expires, at which point the court will hold a status conference, if necessary, and re-set the discovery completion and dispositive motions deadlines. (ECF No. 131.)

On March 1, 2022, Plaintiffs filed this motion for reconsideration of the order denying their motion to appoint new counsel. (ECF No. 135.) Plaintiffs argue that the order took the statement in the letter to Mr. Couvillier out of context and did not consider the following sentence: "Please take no offence but maybe we could work out something." Plaintiff Smith explains that their financial situation has not changed, and he spoke to Mr. Couvillier and said that they would be willing to pay him a portion of any monies awarded by the court if another settlement was reached in the range of the proposed settlement offer. Plaintiffs argue that fairness, the stage of the proceedings, Plaintiffs' financial status, and the fact that counsel was previously appointed weigh in favor of appointing new counsel. Finally, Smith states that the discovery previously requested contains sensitive information and disclosure of it poses a significant security risk, and appointed counsel could receive and protect this information.

On the same day, Plaintiffs filed their motion for an extension of 180 days to proceed with this matter. Plaintiff Smith represents that he was recently granted parole and is scheduled

2

to be released no later than April 1, 2022. He asserts that once released, he will have obligations that will require his immediate attention as part of his parole conditions, including programs, classes and appointments and he will be transitioning back into society. He claims that he does not have time to find substitute counsel in compliance with the court's order by March 28, 2021.

## II. DISCUSSION

Preliminarily, Plaintiffs shall **not** attach documents as exhibits that already appear in the docket in this case as the court and defense counsel have electronic access to these materials. Reference to the docket number in the motion is sufficient. In addition, plaintiff Smith mentions that he only received the odd numbered pages of the order. The court will direct the Clerk to send Plaintiffs a complete copy of the order.

The court will now address Plaintiffs' motions in reverse order.

**A. Motion for Reconsideration**

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders (orders that are not dispositive of the case). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted); *see also* LR 59-1(a). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). "Reconsideration also may be appropriate if (1) there

is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. "A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). "A movant who repeats arguments will be subject to appropriate sanctions." *Id*.

Plaintiffs do not present *new* facts or evidence warranting reconsideration of the order denying the motion to appoint new counsel. Plaintiffs knew they had discussed the potential for a contingency agreement[1] with Mr. Couvillier when they filed their prior motion to appoint new counsel. Similarly, Plaintiffs' financial status, the stage of the proceedings, the fact that counsel was previously appointed, and the need to complete discovery are not *new* facts or evidence.

Plaintiffs do not argue that there has been an intervening change in controlling law. Nor have they convinced the court that it committed clear error or that the initial decision was manifestly unjust.

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel for an indigent litigant in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must

---

[1] Instead of the lawyer being paid a fixed hourly fee for his or her services, when there is a contingency agreement with a lawyer, the lawyer receives a percentage of the monetary amount his or her client receives when they win or settle their case.

consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer,* 560 F.3d at 970 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted).

   Plaintiffs' indigent financial status alone does not entitle them to counsel. As was explained above, unlike a *criminal* case, there is *no* right to the appointment of counsel for indigent litigants in a *civil case*. An indigent plaintiff seeking the appointment of counsel in a *civil* case must demonstrate the existence of "exceptional circumstances."

   Plaintiffs argue that while Smith's letter might have offered to pay for legal services, he really intended to work out a deal with Mr. Couvillier where counsel would accept their case on a contingency basis. The fact that Plaintiffs could not afford to pay counsel on an hourly basis, but sought out a contingency agreement is not grounds for the appointment of counsel. Plaintiffs, like any other civil litigant, indigent or not, may approach an attorney and request that their case be taken on a contingency basis instead of being charged an hourly fee for legal services.

   Importantly, Plaintiffs have not addressed their likelihood of success on the merits. Moreover, Plaintiffs have consistently demonstrated that they are capable of articulating their claim in this matter. Plaintiffs conclude that their case is complex without explaining how it is so complex such that counsel should be appointed. The parties' motions for summary judgment were denied, not because the law is unduly complicated, but because there are genuine disputes

as to material facts. This case involves a single equal protection claim against two defendants. Under the Equal Protection Clause, Plaintiffs must establish that they were intentionally treated differently from others similarly situated, and there is no rational basis for the difference in treatment. Plaintiffs illustrated their ability to articulate and litigate their claims without counsel. Plaintiffs defeated Defendants' motion for summary judgment when they were not represented by counsel by submitting evidence to create a genuine dispute of material fact regarding whether they were treated differently than similarly situated individuals and whether the denial of visitation was reasonably based on Spell's prior relationship with Smith.

Plaintiffs also point to the need to conduct discovery, and the potential for documents to be deemed confidential or pose a security risk.  "[T]he need for … discovery does not necessarily qualify the issues involved as 'complex.'" *Wilborn*, 789 F.2d at 1331. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case." *Id*. "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Id*.

If there is an issue with document disclosures posing security risks, Defendants' remedy is to meet and confer and, if the parties are unable to reach a resolution after a good faith attempt to meet and confer, file a motion for protective order. Conversely, Plaintiffs' remedy, after engaging in a good faith effort to meet and confer to resolve the issue, is to file a motion to compel.

While all indigent pro se plaintiffs would likely benefit from the appointment of counsel, that is not the standard the court must employ in determining whether to appoint counsel. Many of the indigent pro se litigants before the court have little education and no legal background or

knowledge of the law. Unfortunately, the court must frequently deny motions for the appointment of counsel filed by these indigent pro se inmate litigants because they do not demonstrate exceptional circumstances. Many of the cases where these motions are denied involve a multitude of claims and defendants.

Plaintiffs argue that counsel should be appointed because it was previously appointed, but the record is devoid of an explanation for the prior appointment of counsel. There are no previous findings that Plaintiffs were likely to succeed on the merits, that Plaintiffs were unable to articulate their claim, or that their claim is unduly complex. Therefore, the court finds this does not warrant appointment of new counsel.

Plaintiffs point to the stage of these proceedings, but that is not the applicable standard. If that were the metric used to appoint counsel, the court would have to appoint counsel in every case where an indigent pro se plaintiff proceeded beyond summary judgment.

Finally, Plaintiffs claim that fairness dictates that counsel be appointed, but it would not be fair to appoint new counsel for Plaintiffs when the court denies motions for appointment of counsel filed by other indigent civil litigants who have not established exceptional circumstances.

In sum, Plaintiffs have not demonstrated that reconsideration of the order denying their motion to appoint new counsel is appropriate.

**B. Motion for 180-Day Extension**

The court appreciates Plaintiffs' concerns about reintegrating into society and complying with the conditions of his parole upon release.  However, the court is also bound by the mandate of  Federal Rule of Civil Procedure 1 to administer civil proceedings in a manner that secures "the just, speedy, and inexpensive determination of every action and proceeding."

1 Plaintiffs request for a 180-day extension of time to proceed in this matter is unreasonable. On February 11, 2022, the court gave Plaintiffs 45 days, until March 28, 2022, to secure substitute counsel, and stayed proceedings until the expiration of that deadline.

The court will grant Plaintiffs an additional 14 days, until April 11, 2022, to secure substitute counsel. The case will remain stayed until that new deadline expires. At that time, the court will determine whether to hold a status conference, and will re-set the discovery completion and dispositive motions deadlines.

### III. CONCLUSION

(1) Plaintiffs' motion for reconsideration (ECF No. 135) is **DENIED**.

(2) The Clerk shall **SEND** Plaintiffs a copy of the court's order at ECF No. 131.

(3) Plaintiffs' motion for a 180-day extension (ECF No. 133) is **DENIED**; however, Plaintiffs will have up to **April 11, 2022,** to secure substitute counsel and have an attorney file a notice of appearance on their behalf. The case will remain **STAYED** until the deadline to obtain substitute counsel expires. At that point, the court will determine whether to hold a status conference, and will re-set the discovery completion and dispositive motions deadlines.

**IT IS SO ORDERED**.

Dated: March 3, 2022

_____
Craig S. Denney
United States Magistrate Judge